EDITH GUSTIN AND ALBERT GUSTIN, PLAINTIFFS, v. JOHN CALANDRIELLO ET AL., DEFENDANTS.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Applegate, Stevens, Foster, Leonard & Reussille.*

*Contra, Quinn, Parsons & Doremus.*

PER CURIAM.

This case is before this court upon a defendants' rule to show cause. In the action, a verdict was rendered in behalf of Albert Gustin, the plaintiff, for medical expenses paid by him for injuries received by his wife as the result of being struck by an automobile owned by John Calandriello and operated at the time of the accident by his son, Thomas. The question presented to us is whether the trial court erred in submitting the liability of John Calandriello to the jury. The evidence of John Calandriello, Thomas, and another son, Michael, was to the effect that on the evening in question (January 20th, 1927), Thomas had asked his father for the use of the car. The father refused to give his permission. Thomas then took out the car without the consent of his father. If this were all the testimony we would be inclined to think that the presumption of liability had been overcome. Thomas, however, had a license to drive. This license had been paid for by his father. Thomas had had the license for three or four years. Thomas had no car of his own. He had frequently obtained the consent of his father to the use of his father's car. He drove his father and mother about. While this was denied by John, yet there was evidence to this effect. Thomas had a key for the car. Mrs. John Calandriello (the mother) also had a key. She would give permission to her son, Thomas, to use the car. The testimony of the members of the family upon this phase of the case was conflicting. In our opinion the trial court ruled properly in submitting the case to the jury. In the case of *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149, it was held that if the evidence was contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury. The cases of *DeMott* v. *Knowlton,* 100 *Id.* 296, and *Venghis* v. *Nathanson,* 101 *Id.* 110, are to the same effect.

The rule to show cause is discharged.